BRYAN, Judge,
concurring specially.
I concur fully in the main opinion. I write specially to emphasize that the McLendon standard
“ ‘is a rule of repose, allowing the child, whose welfare is paramount, the valuable benefit of stability and the right to put down into its environment those roots necessary for the child’s healthy growth into adolescence and adulthood. The doctrine requires that the party seeking modification prove to the court’s satisfaction that material changes affecting the child’s welfare since the most recent decree demonstrate that custody *687 should be disturbed to promote the child’s best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child. Frequent disruptions are to be condemned.’ ”
Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984) (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)). Additionally, our supreme court has previously stated that “[t]he burden imposed by the McLendon standard is typically a heavy one” and that it is “meant to minimize disruptive changes of custody because this Court presumes that stability is inherently more beneficial to a child than disruption.” Ex parte Cleghorn, 993 So.2d 462, 468 (Ala.2008) (citing Ex parte McLendon, 455 So.2d at 865). Furthermore, Alabama law clearly expresses the requirement that our juvenile courts — while acting within the framework of the McLendon standard in custody-modification proceedings — must exercise the “ ‘duty to scrupulously guard and protect’ ” a child’s need for permanence and the emotional well-being that naturally results therefrom. Ex parte Cleghorn, 993 So.2d at 468 (quoting Ex parte Fann, 810 So.2d 631, 638 (Ala.2001)).